
RECEIVED
APR 1 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| GILBERT WILLIS | CIVIL ACTION NUMBER: 09-590 |
| VERSUS | JUDGE DOHERTY |
| PUBLIC SAFETY & CORRECTIONS | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING & ORDER

Currently pending before the Court is *pro se* plaintiff's "Motion for Injunction." [Doc. 6] The motion has been deemed a motion for *preliminary* injunction. [*See* Docket Entry no. 6] The entirety of the substance of the motion reads as follows:

> Now into court comes the plaintiff Gilbert Willis and moves this Honorable Court for an injunction upon the defendants or agency to [sic] refraining them from any future garnishment or seizure in violation of his due process rights under 14 amendment to U.S. Constitution.

[Id.]

The Court notes no defendant has yet been served in this matter.[1] Additionally, from the face of the complaint, it appears highly probable this Court does not have jurisdiction over this matter, as the basis of the claim is that the Louisiana Department of Revenue has wrongfully honored a Notice of Levy served by the Department of Public Safety and Corrections, Division of Probation & Parole, by sending plaintiff's 2007 and 2008 tax refunds to the Department of Public Safety and Corrections, Division of Probation & Parole; plaintiff asserts his tax refunds should not have been

---

[1] The Complaint was filed with this Court on April 8, 2009, exactly one week ago today.

1

garnished, as he alleges has not violated his parole.[2] The Magistrate Judge has not yet evaluated plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e), to determine whether it is frivolous, fails to state a claim upon which relieve may be granted, or seeks monetary relief against a defendant who is immune from such relief. Furthermore, from the documents presented thus far, it appears plaintiff has failed to exhaust his administrative remedies pursuant to La. R.S. 47:299.8.[3]

Finally, the Court notes a preliminary injunction cannot be issued except upon proof that: (a) irreparable injury will be suffered by the applicant unless the injunction is issued; (b) the threatened injury to the applicant outweighs the damage which the injunction might cause the opponent; (c) there is a substantial likelihood that the applicant will be successful on the merits of the pending claims; and (d) the injunction would not be adverse to the public interest. United Offshore Company v. Southern Deepwater Pipeline Company, 899 F.2d 405, 407-8 (5th Cir. 1990). A preliminary injunction is extraordinary remedy, and the movant must clearly carry the burden of persuasion on each factor. Id. at 408. The generally accepted "purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." Federal Savings & Loan Insurance Corporation v. Dixon, 835 F.2d 554 (5th Cir. 1987). *See also* F.R.C.P. 7(b). Plaintiff has failed to meet his *prima facie* burden in this matter and show he is entitled to issuance of a preliminary injunction.

---

[2] The 2007 refund is in an amount of $8.00; the 2008 refund is $25.00.

[3] Plaintiff has provided the notices of garnishment sent from the Louisiana Department of Revenue, dated February 27, 2009 and March 5, 2009. In accordance with La. R.S. 47:299.8, the notices state plaintiff has 45 days to contest the garnishment, and provides instructions for same. Plaintiff asserts he filed "a written appeal... [on] March 23, 2009." [Doc. 1] However, plaintiff has not provided the Court with the results of his appeal, and it seems highly unlikely the appeal would or could have been addressed in the 16 days which passed between the time plaintiff purports to have filed the appeal and the date he filed suit in this Court.

Due to the foregoing, the motion for preliminary injunction is DENIED at this time. Should this matter survive the Magistrate Judge's review (pursuant to 28 U.S.C. § 1918(e)), plaintiff may reurge his motion for preliminary injunction at that time. The Clerk of Court is hereby INSTRUCTED to provide a copy of this Memorandum Ruling and Order to the Magistrate Judge assigned to this matter.

THUS DONE AND SIGNED this 15 day of April, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 4-16-09
BY: gbr
TO: MEM