UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **GILBERT T. WILLIS** | **CIVIL ACTION NO. 09-590** |
| **VERSUS** | **JUDGE DOHERTY** |
| **LA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL** | **MAGISTRATE JUDGE HANNA** |

*REPORT AND RECOMMENDATION*
(Rec. Doc. 19)

Before the court is Defendants' Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1), (5), and (6). The motion is unopposed.

*Background and Argument*

Pro se plaintiff filed a Complaint alleging his 2007 Louisiana tax refund in the amount of $8.00 and his 2008 Louisiana tax refund in the amount of $25.00 were wrongfully levied by the Department of Public Safety and Corrections, Division of Probation and Parole - Adult (LDPSC). Plaintiff alleges he filed a written appeal to the LDPSC on March 23, 2009. In his Complaint, plaintiff states in 2007 he was sentenced to two years in prison, and was paroled in May of 2008. He states he never violated any conditions of his parole, including paying any parole fees. Plaintiff asks the court to order defendants to return his state refund check, pay all court costs, and pay 2.5 million dollars for violation of his Fourteenth Amendment right of due process.

1

In their motion to dismiss, defendants State of Louisiana, through the LDPSC, Shawn P. Hebert, and Joseph E. Coleman, Jr., ask the court to dismiss plaintiff's complaint on multiple grounds.

First, LDPSC argues the court lacks subject matter jurisdiction over all claims against it, because as an arm of the state, LDPSC is subject to immunity from suit in federal court under the Eleventh Amendment. Secondly, defendants argue the service of process of was not timely under Fed. R. Civ. P. 4(m), and no proper service was effected upon defendants Hebert and Coleman, who were improperly served at their workplace through a co-employee. Finally, defendants argue the complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, defendants argue plaintiff has failed to exhaust his administrative remedies available through appeal to the LDPSC as instructed in the Notice of Levy, and the existence of this post-deprivation procedure renders him unable to state a claim for a violation of procedural due process under the Fourteenth Amendment.

*Discussion*

Citizen suits in federal court against States and their alter egos are generally barred by the Eleventh Amendment. See Voisin's Oyster House v. Guidry, 799 F.2d 183, 185 (5th Cir.1986). The Fifth Circuit has held the LDPSC is an arm of Louisiana and entitled to Eleventh Amendment immunity. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999). Therefore, the undersigned will recommend the claims against

2

the LDPSC be dismissed on this basis.

Plaintiff has also failed to properly effect service upon the individual defendants, for the reasons given by defendants. However, further attempts at service would be futile, as plaintiff does not state a claim upon which relief can be granted.

As an initial matter, plaintiff does not allege what particular actions these individuals took to wrongfully deprive him of his tax refunds. In any case, plaintiff attached to his complaint letters from the Louisiana Department of Revenue which explain how to challenge the levy by the LDPSC. Defendants cite multiple cases as exemplars of the *Parrat/Hudson* doctrine, which states that the unauthorized deprivation of a person's property by a state actor does not result in a Fourteenth Amendment violation of procedural due process, if the state provides an adequate post-deprivation remedy.[1] The burden is on the plaintiff to show the post-deprivation remedy is inadequate. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996), citing Hudson v. Palmer, 468 U.S. 517, 539, 104 S.Ct. 3194, 3206-07 (1984)(O'Conner, J., concurring); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

Plaintiff does not allege the post-deprivation appeal process, outlined in the letter by the Louisiana Department of Revenue, is inadequate in any manner and the

---

[1] See *Memorandum in Support of the Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (5) and (6)*(rec. doc. 19-2), p. 8, citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds;* Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

undersigned finds no such inadequacy. Therefore, the undersigned will recommend the claims against defendants Hebert and Coleman be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

### *Conclusion and Recommendation*

The defendants' motion to dismiss is unopposed and is supported by applicable law. For all the reasons given above,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1), (5), and (6)(Rec. Doc. 19) be **GRANTED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain

error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Lafayette, Louisiana, this 10th day of May, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)